# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN

JOSEPH ANTHONY AMANTE,

    *Plaintiff,*

v.

DEPUTY TYLER BACHMAN;
DEPUTY JOSHUA RACZKA;
DEPUTY MICHELLE FRANCISCO;
DEPUTY STEVEN CARTER;
DEPUTY BRENT SCHIPANI;
DEPUTY JOSHUA SWALWELL;
DEPUTY RICHARD RACKLEY;
DEPUTY KEVIN BILBIA;
OAKLAND COUNTY,

    *Defendants*.

Case No.

Hon.

_____/

Vernon Johnson (P39219)
Solomon M. Radner (P73653)
Madeline Sinkovich (P82846)
JOHNSON LAW, PLC
Attorneys for Plaintiff
535 Griswold Street, Suite 2600
Detroit, MI 48226
(313) 324-8300-
vkjohnson@venjohnsonlaw.com
sradner@venjohnsonlaw.com
msinkovich@venjohnsonlaw.com

_____/

*There is no other pending or resolved civil
action arising out of the same transaction
or occurrence as alleged in the Complaint.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Joseph Anthony Amante, by and through his attorneys, complaining of Defendants, and respectfully alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Joseph Anthony Amante, ("Amante" or "Mr. Amante"), was at all pertinent times a resident of Roseville, Macomb County, State of Michigan.

2. Defendant Deputies Tyler Bachman; Joshua Raczka; Michelle Francisco; Steven Carter; Brent Schipani; Joshua Swalwell; Richard Rackley; and Deputy Kevin Bilbia, at all times relevant, were employed by Oakland County in the Oakland County Sheriff's office and were acting under the color of state law. Defendant Deputies are being sued in their individual capacities and were at all time acting according to the accepted policies and customs of Oakland County.

3. Defendant deputies are being sued in their individual capacities, and for Monell purposes only, in their official capacities.

4. Defendant, Oakland County is a political subdivision of the State of Michigan and enacted the complained of policies followed by the individual defendants as outlined herein.

5. At all pertinent times, Oakland County had an obligation to enact and enforce lawful and constitutional policies, procedures, protocols, and customs for all employees, agents, and contractors, to follow, particularly those who are considered

to be law enforcement, such as the individually named defendants. Further, Oakland County had the affirmative duty to train and supervise all employees, agents, and contractors, including the individually named defendants, specifically to ensure that people such as Plaintiffs do not have their rights violated by people such as the individually named defendants.

6. All material facts giving rise to this litigation took place in the County of Oakland, State of Michigan.

7. Jurisdiction and venue are proper in this Court, as all of the parties, their agents and the occurrences described herein occurred in the County of Oakland, State of Michigan, and this action involves a federal question.

## **FACTUAL BACKGROUND**

8. On July 24, 2020, at approximately 2:00 AM, Plaintiff was arrested by Deputies Ryan Coady and Kurtis Harrison, and transported to the Oakland County Jail by deputy Kurtis Harrison.

9. At the time of his arrest, Mr. Amante advised the deputies that he had to urinate very badly.

10. Upon arrival at the jail, at around 3:34 AM, Mr. Amante again advised the deputies that he had to urinate very badly.

11.   Defendant Bachman began processing Mr. Amante, brought him from the police vehicle to inside the jail, and began to search him, all while Mr. Amante was begging to be permitted to use the restroom.

12.   Defendant Bachman and another defendant deputy was present for this process and they both refused to allow Mr. Amante to use the restroom.

13.   Defendant Bachman then requested backup even though it was quite clear that Mr. Amante did not pose a threat and that he very badly needed to use the restroom.

14.   The defendant deputies were planning to escort Mr. Amante to a specific cell to strip Mr. Amante personally and humiliatingly for no reason other than to humiliate him.

15.   Responding to this request for backup were all other named deputies.

16.   There was absolutely no need for seven deputies to escort Mr. Amante to be stripped naked, but they made the scene anyway.

17.   There is a custom in the Oakland County jail to humiliate and/or beat anyone who does anything that any deputy perceives as questioning a deputy's authority. Many refer to this as "contempt of cop" which is not a real crime.

18.   Mr. Amante was quite obviously in severe discomfort after needing to use the restroom for well over an hour and not being permitted to and was using offensive and colorful language with the deputies. The deputies therefore decided to

punish him by having seven deputies personally and humiliatingly strip him and force him to continue to wait an exceedingly long period of time before they were going to allow him to use the restroom.

19. After all seven deputies walked him into a small cell, Mr. Amante removed each article of clothing as ordered. He then took a step or two towards the toilet where Deputy Bachman was standing, specifically and intentionally to prevent Mr. Amante from accessing the toilet.

20. After Mr. Amante had been searched several times and stripped naked in the presence of seven deputies in a small jail cell, it was at this point abundantly clear that Mr. Amante did not pose any sort of security threat to the deputies and there was no conceivable basis whatsoever to not allow Mr. Amante to finally use the restroom. However, instead of stepping aside so that Mr. Amante could have access to the restroom, defendant Bachman, without any provocation from Mr. Amante, violently shoved Mr. Amante back with a forearm shiver or punch.

21. At that point, Mr. Amante simply could not hold it in any longer, and urine started to come out on the wall.

22. Bachman then grabbed Mr. Amante, threw him down, and started to beat him. All other deputies present either joined in on this attack or stood by and watched as the others beat Mr. Amante.

23. The defendant deputies then left the cell.

24. Mr. Amante was released from the jail the next day, went to Ascension Providence Rochester Hospital, and was diagnosed with and treated for abrasions of multiple sites, acute cervical sprain, blunt head trauma, and multiple contusions.

25. Mr. Amante was harmed because of defendants' actions and inactions.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Violations of Fourth and Fourteenth Amendment)**
**Excessive Force**
*(Against All Defendants)*

26. Plaintiff incorporates herein all the prior allegations.

27. At all times relevant, Plaintiff had a clearly established legal right, pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, to be free from excessive force, including the right to not be thrown down and beaten by up to seven deputies.

28. At all times relevant, as law enforcement officers acting under color of law, Defendant deputies were required to obey the laws of the United States.

29. Defendant deputies intentionally, knowingly, maliciously, recklessly, unreasonably, deliberately, wantonly, sadistically, purposely, purposefully, and/or grossly negligently falsely arrested and beat Plaintiff without lawful basis.

30. As an alternative to active involvement in such action, each defendant observed at least one other defendant engaging in the herein described unlawful activity, had an ability and opportunity to intervene and chose not to do so.

31. The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**Fourth and Fourteenth Amendment**
*Causing Pain and Humiliation*)
*(Against All Defendants)*

33. Plaintiff incorporates herein all the prior allegations.

34. The defendants had no lawful basis to force Mr. Amante to strip naked in front of seven deputies nor did they have any basis to force Mr. Amante to wait a painfully lengthy period of time, more than two hours, before allowing him to use the restroom, even though they knew the entire time how badly he needed to urinate.

35. At all times relevant, as law enforcement officers acting under color of law, Defendant Deputies were required to obey the laws of the United States.

36. Defendant deputies intentionally, knowingly, maliciously, recklessly, unreasonably, deliberately, wantonly, sadistically, purposely, purposefully, and/or grossly negligently humiliated Mr. Amante and pained him, as described herein.

37. As an alternative to active involvement in such action, each defendant observed at least one other defendant engaging in the herein described unlawful activity, had an opportunity and ability to intervene and chose not to do so.

38. The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages.

### COUNT III
### STATE LAW ACTION
### (Assault and Battery)
### *(Against All Defendants)*

40. Plaintiff incorporates herein all prior allegations.

41. Defendants threw Mr. Amante to the floor and beat him. In so doing, they committed an intentional, unlawful threat to do bodily injury to Mr. Amante by force, under circumstances which created a well-founded fear f imminent peril, since the defendants clearly had the ability to continue beating Mr. Amante mercilessly.

42. Further, in so doing, defendants committed a willful or intentional touching of Mr. Amante against his will.

43. As a proximate result of the illegal acts of the Defendants, Plaintiff was harmed and suffered damages.

## COUNT IV
## STATE LAW ACTION
## (Intentional Infliction of Emotional Distress)
### *(Against All Defendants)*

44. Plaintiff incorporates herein all prior allegations.

45. Defendants' herein described conduct, including humiliating and causing pain to Mr. Amante, and beating him, was extreme and outrageous.

46. Further, defendants' actions were intentional or reckless, as described herein.

47. Because of defendants' herein described actions and inactions, Plaintiff has suffered severe emotional distress as the result of defendants' actions.

48. The defendants' conduct caused Plaintiff to suffer damages.

## *MONELL* LIABILITY AGAINST OAKLAND COUNTY

49. Plaintiff incorporates herein all prior allegations.

50. A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are attributable to its own policies, practices, and customs.

51. Lack of training or discipline can constitute a policy for *Monell* purposes.

52. At all times relevant to this Complaint, Oakland County acted with deliberate indifference to Plaintiff's Constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant Officers' conduct.

53. Specifically, Oakland county has had a longtime unwritten policy that it allows deputies to beat and injure inmates at the Oakland County jail, and the deputies never are disciplined. Thus, the message is sent to them loudly and clearly from the County that such actions are allowed.

54. In the alternative, at all pertinent times, Oakland County did not in fact have such an explicit policy but failed to properly train and supervise its deputies on the proper standard and procedure for effectuating a criminal investigation and arrest, thereby demonstrating deliberate indifference to Plaintiff's rights.

55. At all times relevant to this complaint, direct and proximate cause of the damages and injuries complained of were caused by policies, practices and /or customs developed, implemented, enforced, encouraged, and sanctioned by Shelby Township, including the failure:

  a. To adequately supervise and train its deputies and agents, including the individual Defendants, on the proper standard to arrest individuals, the proper use of force, the proper preservation of evidence, and the proper charges to seek in any given case, thereby failing to adequately discourage further Constitutional violations by its deputies; and

  b. To properly and adequately monitor and discipline its deputies, including individual Defendants.

56. Oakland County's failure to adequately supervise and train its police officers, which caused Defendant deputies to violate Plaintiff's Constitutional rights, as described herein.

57. Defendant Oakland County has long acted with deliberate indifference to the constitutional rights of Plaintiff and many others. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated.

58. As a proximate result of Defendants illegal and unconstitutional acts, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joseph Anthony Amante, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Exemplary damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Reasonable attorney fees and the costs; and

e. Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiffs herby demand a trial by jury of all issues so triable, pursuant to Fed. R. Civ. Pr. 38(b).

                                                 Respectfully Submitted,

                                                 JOHNSON LAW, PLC

By: */s/ Solomon M. Radner*
     Vernon Johnson (P39219)
     Solomon M. Radner (P73653)
     Madeline Sinkovich (P82846)
     Johnson Law PLC
     Attorneys for Plaintiff
     535 Griswold Street, Suite 2600
     Detroit, MI 48226
     (313) 324-8300
     vkjohnson@venjohnsonlaw.com
     sradner@venjohnsonlaw.com
     msinkovich@venjohnsonlaw.com

Dated: March 23, 2021